FRANCES M. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 1514-74.
United States Tax Court
T.C. Memo 1975-70; 1975 Tax Ct. Memo LEXIS 298; 34 T.C.M. (CCH) 371; T.C.M. (RIA) 750070; March 24, 1975, Filed Frances M. Johnson, pro se. Alan R. Herson, for the respondent. *299 RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a $152 deficiency in petitioner's 1972 income tax. Substantially all of the facts have been stipulated, and the stipulation is incorporated herein by this reference. A small amount of testimony was pressented, which, however, did not add materially to the facts already before the Court. Petitioner is and has been a widow since 1969. Her total income in 1972 consisted of $9,208 in wages, and she computed her tax on her 1972 return to be $1,328. However, since the income taxes withheld from her wages amounted to $1,665, she claimed a refund of the difference, namely $337. In computing her tax she had correctly used the rates applicable to single persons. Upon review of her return the Internal Revenue Service made two corrections in her computation: (a) by using the standard deduction rather than the itemized deductions on the return it allowed her a somewhat greater total deduction than she had claimed; and (b) it incorrectly gave her the benefit of rates applicable to "surviving spouses". See sec. 1(a)(2), I.R.C. 1954. As thus recomputed by I.R.S., her tax was $1,159, with the consequence that there *300 appeared to be an overpayment in the amount of $506 ($1,665 withholding minus $1,159 tax), and a refund in that amount was made to petitioner. Thereafter, I.R.S. discovered that petitioner in fact had correctly used the rates applicable to single persons and was not entitled to the "surviving spouse" rates since she had been a widow for more than two years (sec. 2(a)(1)(A), I.R.C. 1954). Accordingly, it determined that the $506 refund which had been made to petitioner was $152 greater than it should have been, and the Commissioner thereupon determined a deficiency against her in that amount. Petitioner is understandably vexed by such bureaucratic bungling, and complains that the payment of such deficiency would cause a hardship upon her at this time, taking into account her limited modest resources. She would like to hold the Government to the position which it originally took when it made the refund to her. However, the law is clearly against her. To the extent that the refund was excessive, namely, $152, it may be taken into account in the determination of a deficiency. Section 6211(a)(2) and (b)(2). While we sympathize with petitioner we have no course open to us other than to *301 approve the Commissioner's determination. Decision will be entered for the respondent.